# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**STEVEN FRANCIS D'AMICO,**

    **Plaintiff,**

**vs.**                                                                  **Case No. 4:18cv494-RH/CAS**

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

On February 1, 2019, the pro se Plaintiff filed a motion for a preliminary injunction, ECF No. 12, requesting that Defendants be prohibited from denying him adequate medical care, treatment, and/or medications. *Id.* at 1. Plaintiff contends that his complaint and amended complaint presents claims of the denial of "needed medical care for: skin cancer, abnormally enlarged breasts, neuropathy, urinary tract disfunction, medications, and related or unrelated medical conditions." *Id.* at 1-2. He broadly claims that "Defendants have refused [him] needed medical care in reprisal for his complaints and remained deliberately indifferent to serious risk of harm" to Plaintiff. *Id.* at 3. Plaintiff also contends that he has been

denied examinations and treatments from a dermatologist, an endocronologist, a urologist, and an orthopedic physician. *Id.* at 4. He further asserts that he has been diagnosed with macular degeneration but has been denied "medical care and or vitamins to slow progression of this disease." *Id.* He alleges he has been given only cursory examinations and Defendants are "indifferent to risk of irreparable harm and even death of" the Plaintiff. *Id.* at 5.

Beyond making conclusory assertions and quoting case law, Plaintiff has not identified a specific symptom or problem he has experienced, he has not stated when he experienced these problems, nor has he specifically alleged what treatment or diagnosis was made. Indeed, Plaintiff has not identified a specific Defendant to which his motion is directed. For those reasons alone, the motion is insufficient on its face.

Moreover, granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). To be entitled to a preliminary injunction, a plaintiff must demonstrate all four prerequisites. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Here, Plaintiff's motion, ECF No. 12, was filed after entry of an Order directing Plaintiff to file a second amended complaint. ECF No. 10. That Order explained numerous deficiencies with Plaintiff's first amended complaint and provided him with time to comply. Plaintiff filed the motion for preliminary injunction, ECF No. 12, prior to filing his second amended complaint, ECF No. 16. Thus, Plaintiff's motion is insufficient to

demonstrate a substantial likelihood of success on the merits because his amended complaint, ECF No. 6, was insufficient as filed.

Additionally, Federal Rule of Civil Procedure Rule 65(d) requires all orders granting an injunction to: "state the reasons why it issued; state its terms specifically; and describe in reasonable detail . . . the act or acts sought to be restrained or required." Fed. R. Civ. P. 65(d). Providing such specificity will "prevent uncertainty and confusion on the part of those faced with injunctive orders, and" avoid future contempt proceedings based "on a decree too vague to be understood." Schmidt v. Lessard, 414 U.S. 473, 476, 94 S. Ct. 713, 715, 38 L. Ed. 2d 661 (1974). As the Supreme Court has pointed out, "basic fairness requires that those enjoined receive explicit notice of precisely what conduct is outlawed." Schmidt, 414 U.S. at 476, 94 S. Ct. at 715. Thus, an injunction may not simply order a defendant to "obey the law." Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1412 (11th Cir. 1998) (quoting Hughey v. JMS Dev., 78 F.3d 1523, 1531 (11th Cir. 1996)). Such an injunction is incapable of enforcement as an operative command. Hughey, 78 F.3d at 1531 (citing Longshoremen's Ass'n. v. Marine Trade Ass'n., 389 U.S. 64, 73-74, 88 S.Ct. 201, 206-07, 19 L.Ed.2d 236, 244 (1967)).

In this case, Plaintiff's motion requests nothing more than an order requiring unspecified prison officials and medical staff to provide him with general medical care. *See* ECF No. 12. Such an order cannot be granted as it would merely require compliance with the commands of the Eighth Amendment. It would also be so vague that no Defendant could reasonably know what conduct would risk contempt, and no court could enforce. The motion should be denied.

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 12, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 7, 2019.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

      **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv494-RH/CAS