IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**STEVEN FRANCIS D'AMICO,**

    Plaintiff,

vs.                                      Case No.  4:18cv494-RH-MAF

**JULIE JONES, et al.,**

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a sixth amended civil rights complaint.  ECF No. 34.  This version of his complaint proceeds against four Defendants: former Secretary Julie Jones, Steven H. Wheeler, an executive officer of Centurion of Florida, former Medical Director Rakesh Sharma, and Medical Director Ramon Bassa.  *Id.* at 2-4.  The complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's sixth amended complaint is long on conclusions, but short on facts.  Plaintiff generally details his medical history beginning in 2007, including a diagnosis of chronic lymphocytic leukemia (CLL).  Because of that medical history, Plaintiff alleges that he is more susceptible to skin

cancer.  ECF No. 34 at 6.  Plaintiff further states that medical standards require frequent dermatological examinations.  *Id.* at 7.  Beginning in 2013, however, Plaintiff contends that Defendant Jones privatized medical services for Florida prisoners and "suddenly denied all meaningful dermatological care."  *Id.*  He alleged that in 2016, Defendant Jones entered into a contract with Defendant Steven Wheeler to continue the "policy to delay and deny needed care" to save money.  *Id.* at 8.  Although he alleges a conspiracy between Defendants Jones and Wheeler, *id.* at 8, he claims that Defendant Jones was the "'driving force' behind this widespread practice."  *Id.* at 9.  Defendant Wheeler then "enforced" the policy through the other two Defendants, who were, and are, medical directors at the Reception and Medical Center.  *Id.*  It appears that the basis for the involvement of Defendants Sherma and Bassa are responses to grievances in which they told Plaintiff that "Centurion does not contract with a dermatologist."  *Id.*

  Nevertheless, Plaintiff's complaint states that Defendant Bassa had Plaintiff examined for skin lesions in October 2018 by a physician.  ECF No. 34 at 9.  Plaintiff contends the doctor's examination was insufficient and he mis-diagnosed Plaintiff's condition.  *Id.*  Another doctor examined

Case No. 4:18cv494-RH-MAF

Plaintiff a month later and found a lesion which was referred for a biopsy. *Id.* at 9-10. Plaintiff contends that despite that recommendation, "provider has not provided any care for this condition." *Id.* at 10. Furthermore, he argues that both doctors provided insufficient care and failed to diagnose a "lesion in plain sight" on his forehead. *Id.* at 10.

First, events which occurred in 2013 cannot be litigated in this case which was filed in late October of 2018. The Eleventh Circuit makes it clear that Florida's four-year statute of limitations (FLA. STAT. § 95.113)) governs §1983 claims arising in this state. Ellison v. Lester, 275 F. App'x 900, 901-02 (11th Cir. 2008); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003). Thus, policy changes which occurred more than four years prior to case initiation are time barred.

Additionally, judicial notice is taken that Plaintiff has already litigated his claim concerning that policy change in this Court. Plaintiff filed case number 4:15cv127-MW-CAS in March of 2015 against then Secretary Julie Jones, and other medical providers. Summary judgment was granted in favor of Defendant Julie Jones as to all of Plaintiff's claims, which included his challenge to the fact that "Corizon did not make a dermatologist available to 'inmates in need of skin care.'" D'Amico v. Montoya, No.

4:15cv127-MW/CAS, 2017 WL 4416610, at *1 (N.D. Fla. Aug. 30, 2017), report and recommendation adopted, No. 4:15cv127-MW/CS, 2017 WL 4401458 (N.D. Fla. Sept. 29, 2017).  Plaintiff cannot re-litigate this claim for a second bite at the apple.  "In this circuit, a claim is precluded by the judgment in a prior case when (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the judgment was final and on the merits; (3) both cases involve the same parties or those in privity with them; and (4) 'both cases ... involve the same causes of action.'"  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (quoted in Borrero v. United Healthcare of New York, Inc., 610 F.3d 1296, 1306 (11th Cir. 2010)).  Each of those elements is present in this case.  Plaintiff brought his prior § 1983 action in this Court against former Secretary Julie Jones, and summary judgment was granted in favor of the Defendant on all claims.  Judgment has been final for over two years, and this is a Court of competent jurisdiction.  For both of these reasons, Plaintiff's claim against the Secretary should be dismissed.

Plaintiff's claim against Defendant Wheeler is also insufficient.  A prisoner has a right guaranteed by the Eighth Amendment for medical care.  A Defendant's deliberate indifference to a prisoner's serious medical needs

violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976). However, Plaintiff does not have a constitutionally protected right to a dermatologist. Plaintiff is not entitled to the medical treatment of his choice, and an improperly diagnosed condition is insufficient to state a claim. Estelle, 429 U.S. at 106, 97 S.Ct. at 292 (stating that medical malpractice does not constitute deliberate indifference). Well established law provides that "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" is insufficient to support an Eighth Amendment claim. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).

    Plaintiff did not allege facts showing that he had a medical condition which was ignored by any named Defendant. Plaintiff was examined by several doctors, but not the doctor of his choice. He does not have a constitutionally protected right to be examined by a dermatologist. Because there are no *facts* alleged which show that a named Defendant was deliberately indifferent to a serious medical need, the claims against Defendants Wheeler, Bassa, and Sharma should be dismissed.

Plaintiff had been given multiple opportunities to present a viable civil rights complaint. After filing a sixth amended complaint, it does not appear that further opportunities would be beneficial. Six chances ought to be enough. It is apparent that Plaintiff's main contention is the fact that he was not referred to a dermatologist. To the degree he *might* have attempted to complain about the lack of a timely referral for the recommended biopsy, Plaintiff has not alleged that any named Defendant is responsible for that delay. This case should now be dismissed.

**Recommendation**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's sixth amended complaint, ECF No. 34, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 27, 2020.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:18cv494-RH-MAF