IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN FRANCIS D'AMICO,

      Plaintiff,

v.                                          CASE NO. 4:18cv494-RH-MAF

JULIE JONES, et al.,

      Defendants.

_____/

**ORDER DISMISSING THE SIXTH**
**AMENDED COMPLAINT IN PART**

     This prisoner civil-rights case is before the court on the magistrate judge's second report and recommendation, ECF No. 36, and the objections, ECF No. 37. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion except in one respect.

     The plaintiff Steven Francis D'Amico asserts he is unusually subject to skin cancers. He alleges a variety of mistreatment related to this circumstance, including failures to conduct proper examinations for, diagnose, and treat

Case 4:18-cv-00494-RH-HTC   Document 38   Filed 06/01/20   Page 2 of 3

Page 2 of 3

cancerous conditions. Most of the allegations provide no ground for recovery, as the report and recommendation correctly concludes.

One allegation is different. Mr. D'Amico alleges he was diagnosed on November 1, 2018 with a lesion on his back that, according to the treating physician, needed a biopsy, and that he was diagnosed on November 20, 2018 with a cancerous lesion on his forehead. *See* Sixth Am. Compl., ECF No. 34, at 10 ¶ 9. Mr. D'Amico alleges nothing has been done to address these lesions. *Id.* The failure to treat or otherwise provide care for a lesion needing a biopsy or for a known cancer for more than a year may constitute deliberate indifference to a serious medical need. Mr. D'Amico alleges the decision not to treat the lesions resulted from a policy decision intended to save money.

A prison official violates the Eighth Amendment when the official decides, for financial or other reasons unrelated to proper medical care, not to provide appropriate treatment for a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). An employing entity like Centurion of Florida, LLC—the entity that Mr. D'Amico alleges was contracted to provide medical care at his institution—can be held liable if the refusal to provide appropriate treatment stems from a corporate policy, as Mr. D'Amico alleges here. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

Case No.   4:18cv494-RH-MAF

694 (1978) (holding that an employing entity is liable under § 1983 for an official's constitutional violation only if the violation was based on the entity's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy).

Mr. D'Amico has not named Centurion as a defendant, but he has named Centurion's chief executive officer in his official capacity—the equivalent of naming Centurion. And he has named his facility's medical director, Dr. Raymond Bassa, who can be held individually liable if he implemented a policy of not treating skin cancers, as Mr. D'Amico alleges.

For these reasons,

IT IS ORDERED:

1. The second report and recommendation, ECF No. 36, is accepted in part.

2. All claims arising from acts or omissions other than the failure to treat a cancerous lesion diagnosed on November 20, 2018 are dismissed.

3. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

4. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on May 31, 2020.

s/Robert L. Hinkle<br>United States District Judge