UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEVEN FRANCIS D'AMICO,

    Plaintiff,

v.                                     Case No. 4:18cv494-RH-HTC

JULIE JONES, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction and Incorporated Memorandum of Law. ECF Doc. 26. After reviewing the motion, the undersigned recommends that it be denied as moot.

## I.   BACKGROUND

Plaintiff initiated this action in October 2018. ECF Doc. 1. Plaintiff was given six (6) separate opportunities to amend his complaint to state a cause of action against the Defendants. Shortly before filing his second amended complaint, Plaintiff also filed a motion for preliminary injunction, requesting that Defendants be prohibited from denying him medical care for a host of illnesses and conditions. ECF Doc. 12. The Court denied the motion because, among other grounds, the motion did not identify any specific person against whom the injunction should lie,

was based on broad and conclusory allegations, and Plaintiff had not shown a substantial likelihood of success on the merits. ECF Doc. 19, adopted by ECF Doc. 21. After filing his fourth amended complaint, Plaintiff filed the instant motion for injunctive relief, seeking an order requiring unidentified officials to provide him with Retuxin for treatment of his Chronic Lymphocytic Leukemia ("CLL").[1] ECF Doc. 26.

In screening the fourth amended complaint under 28 U.S.C. § 1915, Magistrate Judge Stampelos also addressed the instant motion. ECF Doc. 27. Judge Stampelos determined that that the motion was insufficient because Plaintiff's claims were against unnamed and unspecified persons. *Id.* Additionally, Judge Stampelos found that Plaintiff had not demonstrated a substantial likelihood of success on the merits since the fourth amended complaint was also deficient. *Id.* Judge Stampelos directed Plaintiff to file an amended motion at the time he submitted his fifth amended complaint but left the instant motion on the docket as unresolved. *Id.*

Although Plaintiff filed a fifth amended complaint, he did not (and has not) filed an amended motion for preliminary injunction. ECF Doc. 31. Plaintiff's fifth amended complaint was screened by Magistrate Judge Stampelos and was

---

[1] This motion was initially filed in Case No. 4:19-cv-446 but was re-docketed in this action because that action did not challenge medical care and the motion did not identify any defendants that were named in that action. *See* ECF Doc. 27 at 5, n. 1.

determined to be insufficient. ECF Doc. 32. Plaintiff, however, was given an additional opportunity to amend and did so by filing a sixth amended complaint. *Id.*; *see also* ECF Doc. 34.

This Court has screened the sixth amended complaint and has dismissed all claims except Plaintiff's Eighth Amendment claim against Defendants Weaver and Dr. Bassa, arising out of their treatment or failure to treat Plaintiff for cancerous lesions on his back and forehead, which he contends needed a biopsy. ECF Doc. 38 at 2. Thus, that is the only claim at issue in this case.

## II.     PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In the instant motion for preliminary injunction, Plaintiff alleges: (1) he was diagnosed with CLL in 2007; (2) he was treated with Retuxin from 2007-2014 and again from 2017 – April 2019; (3) RMC medical staff stopped his Retuxin treatments in June 2019 in retaliation for him filing complaints and grievances; (4) when his Retuxin treatments were stopped in 2014, his lymph nodes got worse, and the current cessation of Retuxin will surely cause the same results (indeed, his lymph nodes are already sore); (5) the denial of Retuxin makes him susceptible to more rapid deterioration and complications; (6) he meets the elements for a preliminary injunction. ECF Doc. 26. As stated above, Plaintiff seeks a preliminary injunction "for resumption of Retuxin maintenance treatments." *Id.* at 4.

"The grant or denial of a preliminary injunction is a decision within the discretion of the district court." *Carillon Imps., Ltd. v. Frank Pesce Int'l Grp. Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997). In determining whether preliminary injunctive relief should be granted, the Court considers whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted).

The undersigned finds that Plaintiff's motion should be denied without prejudice as MOOT. Although this action started with a host of claims against twenty-two (22) different defendants, it has now been narrowed to two (2) defendants and one (1) very specific claim. That claim, that Weaver and Bassa failed to treat Plaintiff for cancerous lesions on his back and forehead is not related to Plaintiff's request for Retuxin treatment. Indeed, Plaintiff's sixth amended complaint is devoid of any reference to the need for Retuxin or the discontinuance of Retuxin.

"The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated." *Robinson v. Attorney Gen.*, 957 F.3d 1171, 1178–79 (11th Cir. 2020) (citing *Ne. Fla. Ch. of Ass'n*

*of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990)). Thus, "the relief sought in the motion must be closely related to the conduct complained of in the actual complaint." *Brown v. Anglin*, 2016 WL 6803133, at *1 (N.D. Fla. June 27, 2016) (denying motion for preliminary injunction related to a sexual assault that was wholly unrelated to claim in suit of lack of access to legal materials), *report and recommendation adopted sub nom. Brown v. Holland*, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). No such purpose will be served by granting Plaintiff's motion since the conduct complaint of is wholly unrelated to the remaining claim in this action.

Plaintiff's motion is further mooted by the fact that it relates to the withholding of Retuxin by unnamed medical staff at Reception and Medical Center ("RMC"). ECF Doc. 26 at 2. Plaintiff, however, is no longer at RMC. *See McKinnon v. Talladega Cty. Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief").

Accordingly, it is RECOMMENDED, that Plaintiff's Motion for a Preliminary Injunction (ECF Doc. 26) be DENIED as MOOT.

At Pensacola, Florida, this 19th day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:18cv494-RH-HTC