# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

STEVEN FRANCIS D'AMICO,

      Plaintiff,

v.                           CASE NO.  4:18cv494-RH-HTC

MARK INCH et al.,

      Defendants.

_____/

## ORDER DENYING THE MOTION TO DISMISS

The plaintiff is a prisoner who alleges he received constitutionally deficient medical care from the Florida Department of Corrections' contracted medical provider, Centurion of Florida, Inc. The plaintiff seeks damages and injunctive relief against two defendants, his facility's medical director and Centurion's chief executive officer, in both their official and individual capacities. The defendants have moved to dismiss for failure to state a claim on which relief can be granted and based on qualified and Eleventh Amendment immunity. This order dismisses the damages claim against the chief executive but otherwise denies the motion.

The motion is before the court on the magistrate judge's report and recommendation, ECF No. 74, and the objections and responses, ECF Nos. 76, 77, 79, 81 and 82. I have reviewed de novo the issues raised by the objections.

## I

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The current motion fails to come to grips with this essential point: a motion to dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged. Instead, it remains true, after *Twombly* and *Iqbal* as before, that "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

## II

A correctional official violates the Eighth Amendment when the official decides, for financial or other reasons unrelated to proper medical care, not to

provide appropriate treatment for a serious medical need. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97 (1976) (holding that a correctional official violates the Eighth Amendment when the official is deliberately indifferent to a prisoner's serious medical need). An employing corporation like Centurion can be held liable if the decision not to provide appropriate treatment stems from a corporate policy, as the plaintiff alleges here. *See, e.g.*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that an employing entity is liable under § 1983 for an official's constitutional violation only if the violation was based on the entity's policy or custom or if the official is one whose edicts or acts may fairly be said to represent official policy).

## III

Earlier orders narrowed the plaintiff's claims to the failure to properly evaluate and treat cancerous and precancerous conditions identified by Centurion's own physicians on November 1 and November 20, 2018. The report and recommendation correctly concludes that these allegations state a claim on which relief can be granted. The defendants say the allegations are untrue—in effect, that the physicians did not reach the conclusions the plaintiff attributes to them and that, in any event, the plaintiff refused the constitutionally adequate treatment Centurion made available. Centurion may be correct, but that is not a finding that can be made on the motion to dismiss.

There is, though, one respect in which the complaint—actually the sixth amended complaint, but referred to here simply as the complaint—is deficient. The complaint adequately alleges that the defendant medical director knew about and had a role in the allegedy unconstitutional treatment of the plaintiff himself. The complaint includes no analogous allegations about Centurion's chief executive. This order thus dismisses the claim against the chief executive in his individual capacity.

IV

Qualified immunity applies to damages claims against public officers in their individual capacities and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 574 U.S. 13 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public officer may be held individually liable only if the officer's conduct violates clearly established law. Qualified immunity does not apply to official-capacity defendants.

The constitutional obligation to provide treatment for a prisoner's serious medical needs has been clearly established at least since the 1976 decision in *Gamble*. If, as the plaintiff alleges, a facility physician said the plaintiff needed evaluation and treatment for cancerous and precancerous conditions but the facility's medical director refused to allow the evaluation and treatment for reasons

unrelated to proper medical care, he violated clearly established law and is not protected by qualified immunity.

## V

Centurion is a private, for-profit entity. It has proffered no facts that would bring it within Eleventh Amendment immunity.

## VI

The report and recommendation concludes the case should be dismissed based on the plaintiff's failure to disclose all his prior cases as required by the complaint form that a prisoner must use for a lawsuit of this kind in this district. As the form itself notes, the primary reason for the requirement is the Prison Litigation Reform Act's "three strikes" provision, under which a plaintiff who has suffered three dismissals of actions on specified grounds is disqualified from proceeding *in forma pauperis* in a *later* action. The listed grounds are that the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). The provision does not apply to a prisoner under imminent danger of serious physical injury.

Here the plaintiff listed prior civil cases in this or earlier versions of the complaint but omitted prior habeas corpus cases. Some courts have held that the dismissal of a habeas petition challenging a conviction or sentence can never count as a strike under § 1915(g). *See Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013)

("[D]ismissals of habeas petitions filed pursuant to sections 2254 or 2255 cannot constitute strikes for purposes of the PLRA."); *Wood v. Williams*, 725 F. App'x 917, 918 (11th Cir. 2018) (holding that a habeas dismissal did not count as a strike and citing *Jones v. Smith* with approval). Further, at least one court has suggested it is not unreasonable for a prisoner to believe a complaint form of this kind does not require disclosure of habeas cases. *See Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015).

Still, dismissal is often the appropriate response to a failure to disclose prior cases. Dismissal would perhaps be permissible here, even though the undisclosed cases were habeas petitions. *Compare Strickland v. United States*, 739 F. App'x 587 (11th Cir. 2018) (affirming the dismissal of a prisoner complaint for failure to disclose eight habeas petitions without discussing the applicability of the three-strikes provision to habeas petitions) *with Williams v. Brown*, 347 F. App'x 429, 432-34 (11th Cir. 2009) (vacating the dismissal of a prisoner complaint for failure to disclose prior cases, including two habeas petitions).

Even if dismissal would be permissible, the better exercise of discretion is not to dismiss this case. The unlisted habeas cases were filed *after* this case, so they could not have affected application of the three-strikes provision, even had they been civil cases dismissed on a listed ground. The omission of the prior

dismissals from the complaint form could not have been intended to interfere with or delay proper application of the three-strikes provision.

As a matter of discretion, this order does not dismiss the plaintiff's claims based on his failure to disclose prior cases.

## VII

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 74, is accepted in part.

2. The motion to dismiss, ECF No. 62, is granted in part.

3. The claims against the defendant Steven Wheeler in his individual capacity are dismissed. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

4. The remaining claims—the claims related to the November 1 and 20, 2018 diagnoses and related events against Dr. Ramon Bassa in his individual and official capacities and against Steven Wheeler in his official capacity—are not dismissed.

SO ORDERED on April 29, 2021.

s/Robert L. Hinkle
United States District Judge